IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BERT GARY AND CHERIE PARTAIN,** | § § § | |
| PLAINTIFFS, | § § § | |
| v. | § § | Case No. _____ |
| **CAPSTAR BANK and DONALD HART WEATHERFORD,** | § § § § | |
| DEFENDANTS. | § § § | |

## COMPLAINT

Plaintiffs Bert Gary and Cherie Partain bring suit against Defendants Capstar Bank and Donald Hart Weatherford, Individually ("Defendants") and in support would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201–19. In addition to standard banking services, Defendants also provide mortgage lending services to customers throughout Tennessee. Bert Gary and Cherie Partain ("Plaintiffs") worked for Defendants as mortgage underwriters. Plaintiffs were both non-exempt employees and consistently worked more than forty hours per week, but were never paid overtime premiums for such hours.

1.2 Plaintiffs bring this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the FLSA, as amended.

1.3 During the course of Plaintiffs' employment, Defendants willfully committed violations of the FLSA by failing to pay Plaintiffs overtime premiums for hours worked in excess of forty per

week.

## II. JURISDICTION AND VENUE

2.1 The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the FLSA, as amended. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2 The Court has personal jurisdiction over Defendant Capstar Bank because this entity conducts business in Tennessee and has entered into relationships with Plaintiffs in Tennessee, and committed actions in Tennessee that give rise to this cause of action.

2.3 Venue is proper in the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendants are located in this Division.

## III. PARTIES

**A. Plaintiffs**

3.1 Plaintiffs Bert Gary and Cherie Partain are individuals residing in Georgia.

**B. Defendants**

3.2 Defendant Capstar Bank is a domestic limited liability company formed and existing under the laws of the State of Texas.

3.3 Defendant Capstar Bank was an employer of the Plaintiffs as defined by 29 U.S.C. § 203(d).

3.4 Defendant Capstar Bank can be served via its registered agent for service of process, Claire W. Tucker, at 1201 Demonbreun St., Suite 700, Nashville, TN, 37203.

3.5 Defendant Donald Hart Weatherford is the Executive Vice President of Capstar's Mortgage

Division, and can be served at 4304 Esteswood Dr., Nashville, Tennessee, 37215.

3.6    Defendant Donald Hart Weatherford was an employer of Plaintiffs as defined by 29 U.S.C. §203(d).

3.7    At all times hereinafter mentioned, Donald Hart Weatherford has exercised managerial responsibilities and substantial control over Defendants' employees, including Plaintiffs, and the terms and conditions of their employment. Weatherford has the authority to: hire, fire and direct Defendants' employees, including Plaintiffs; supervise and control the employment relationships and work schedules of Defendants' employees, including Plaintiffs; set and determine the rate and method of pay of Defendants' employees, including Plaintiffs; and decide whether Plaintiffs received overtime compensation.

### IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendant Capstar Bank had gross operating revenue in excess of $500,000.00.

4.3    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendants employed "employees," including Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5    At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6    At all relevant times, Defendant Capstar Bank has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiffs were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the FLSA.

## V.     FACTUAL ALLEGATIONS

5.1     Among other things, Defendants provide mortgage lending services to their customers in Tennessee.

5.2     Defendants employed Plaintiffs during the three-year period preceding the filing of this Complaint as mortgage underwriters.

5.3     For all times relevant to this action, Plaintiffs' primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

5.4     For all times relevant to this action, Plaintiffs' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

5.5     Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

5.6     Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  Plaintiffs did not perform work in a recognized field of artistic or creative endeavor.

5.7     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.8     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiffs during his employment with Defendants.

5.9     Plaintiffs were required to comply with Defendants' policies and procedures in performing Plaintiffs' work during Plaintiffs' employment with Defendants.

5.11    As one of the Executive Vice President of Capstar, Donald Hart Weatherford independently exercised control over the work performed by Plaintiff.

5.12    Donald Hart Weatherford is responsible for running the day-to-day operations of Defendant Capstar's Mortgage Division.

5.13    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, determined the wages to be paid to Plaintiffs.

5.14    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, determined the work to be performed by Plaintiffs and monitored and directed Plaintiffs' work on a regular basis.

5.15    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, determined the locations where Plaintiffs would work.

5.16    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, determined Plaintiffs' hours.

5.17    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, determined Plaintiffs' conditions of employment.

5.18    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, maintained employment records on Plaintiffs.

5.19    Donald Hart Weatherford, acting directly in the interest of Defendant Capstar's Mortgage Division, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiffs.

5.20    Plaintiffs were non-exempt employees under the FLSA.

5.21    Plaintiffs consistently worked in excess of forty hours per week.

5.22    Although Plaintiffs worked more than forty hours per week, Plaintiffs have not been paid overtime premiums for any hours worked over forty per week.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As non-exempt employees under the FLSA, if Plaintiffs worked over forty hours in a workweek, Plaintiffs were entitled to overtime pay for such hours.

6.3    Over the course of the relevant period, Plaintiffs routinely worked in excess of forty hours per week.

6.4    Even though Plaintiffs worked in excess of forty hours per week, Defendants failed to pay Plaintiffs overtime premiums for any hours worked in excess of forty per week.

6.5    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiffs overtime premiums for all hours worked over forty per workweek.

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs.

6.7    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiffs overtime compensation for all hours worked over forty in a workweek.

6.8    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiffs are entitled to liquidated damages for such conduct.

6.9    Plaintiffs seek all unpaid overtime compensation and an additional equal amount as

liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

Plaintiffs demand a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Bert Gary and Cherie Partain respectfully pray that Defendants Capstar Bank and Donald Hart Weatherford, Individually, be cited to appear, and that, upon trial of this matter, Plaintiffs recover the following against Defendants, jointly and severally:

a. Actual damages for the full amount of Plaintiffs' unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiffs' unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Date July 21, 2020                     Respectfully submitted,

/s/ *Douglas B. Welmaker*
Douglas B. Welmaker
Texas Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR # 018965)
/s/ *N. Chase Teeples*
N. Chase Teeples
YEZBAK LAW OFFICES PLLC
2021 Richard Jones Rd., Ste. 310A
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

**ATTORNEYS FOR PLAINTIFFS**